UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00152-GCS |
| | ) |
| C & L TILING, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

This case arises out of a motor vehicle collision between a tractor-trailer operated by Plaintiff Sammy Lane and a tractor-trailer transporting goods for Defendant C & L Tiling, Inc. ("C&L"). C&L now argues that the claims against it should be dismissed based on an indemnification clause in its contract carrier agreement with co-defendants Oak Grove Family Farms, LLC and Tony Huls d/b/a Oak Grove Family Farms, LLC (together "Oak Grove"). For the reasons stated below, the Court disagrees and denies C&L's motion to dismiss. (Doc. 75).

**BACKGROUND**

Plaintiff filed suit on January 23, 2024, bringing seven counts related to a motor vehicle collision against Defendants Oak Grove, C&L, and James M. Rea. (Doc. 57).[1] He

---

[1] The Court granted leave for Plaintiff to file a First Amended Complaint and Second Amended Complaint (Doc. 32, 56). The Court refers only to the allegations from the Second Amended Complaint in this Order.

alleges, in relevant part, the following facts in support of his claims:

On 4:00 a.m. on January 28, 2022, Plaintiff was driving a tractor-trailer in the left-hand lane going eastbound on Interstate 64 in Washington County, Illinois. (Doc. 57, p. 5). James M. Rea, as part of his employment for C&L and Oak Grove, was driving a tractor-trailer in the right-hand lane. *Id.* at p. 5-6.[2] Mr. Rea negligently swerved into the left lane when Plaintiff was attempting to pass him. *Id.* at p. 5. The vehicles collided. *Id.* Plaintiff suffers permanent and disabling injuries due to the collision. *Id.* at p. 6.

On January 21, 2025, C&L filed a Motion to Dismiss for Failure to State a Claim. (Doc. 75). C&L asserts that the Court should dismiss Plaintiff's claims against it based on an indemnification clause in its contract carrier agreement with Oak Grove. *Id.* at p. 3. The indemnification clause states as follows:

> Contract Carrier shall defend, indemnify, and hold [C&L] harmless from and against all loss, liability, damage, claim, fine, cost, or expense, including reasonable attorney's fees and court costs, arising out of or in any way related to the performance or breach of this Agreement by Contract Carrier, its employees or independent contractors working for Contract Carrier (collectively, the "Claims"), including but not limited to, Claims arising from personal injury (including death) or property damage . . . .

(Doc. 75-1, p. 5).

Plaintiff filed a response in opposition on February 4, 2025. (Doc. 77). Accordingly, the motion is now ripe for the Court's review.

---

[2] C&L claims that it did not own the tractor-trailer that collided with Plaintiff's and did not employ Mr. Rea. (Doc. 75, p. 2). Instead, C&L claims that Oak Grove employed Mr. Rea, who was transporting the commodities of C&L at the time of the collision. *Id.* However, the Court accepts Plaintiff's version of events when evaluating a motion to dismiss under Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. PROC. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citation omitted). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). However, if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief[,]" the Court must dismiss the claim. *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (citation omitted).

## DISCUSSION

Plaintiff asserts claims against C&L for statutory employment/logo/lease liability, vicarious liability, independent negligence, and negligent hiring, retention, training, and supervision. (Doc. 57, p. 10-24). C&L, on the other hand, asserts that all the claims against it should be dismissed due to an indemnification clause in its contract carrier agreement with Defendant Oak Grove. For the reasons stated below, the Court declines to dismiss C&L.

First, the indemnification clause in the contract carrier agreement does not prevent Plaintiff from bringing claims against C&L. The clause states that Oak Grove "shall defend, indemnify, and hold [C&L] harmless from and against all loss, liability, damage claim, fine, cost, or expense" arising out of the contract carrier agreement, including claims "arising from personal injury." (Doc. 75-1, p. 5). The contract carrier agreement is between C&L and Oak Grove. Plaintiff, as a non-party, is not bound by the agreement. *See, e.g.*, *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (stating that "[i]t goes without saying that a contract cannot bind a nonparty."). The indemnification clause therefore has no impact on Plaintiff's ability to bring claims against C&L.

Even if the indemnity clause were applicable, it would be premature to dismiss C&L before the underlying issue of liability has been settled. *See, e.g.*, *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (stating that "[w]e regularly say that decisions about indemnity should be postponed until the underlying liability has been established.") (collecting cases). Liability has not yet been determined, a fact which C&L readily concedes. (Doc. 75, p. 5). Therefore, the issue of indemnity is not yet ripe. Apart

from the indemnity clause, C&L does not otherwise challenge the sufficiency of Plaintiff's allegations against it. Accordingly, C&L has failed to demonstrate that Rule 12(b)(6) mandates the dismissal of the claims against it.

Alternatively, C&L requests that the Court grant it leave to file a crossclaim against Oak Grove Farms, LLC, Tony Huls, and Sheila Huls, and tender its defense costs to the same. (Doc. 75, p. 5). The request for leave will be denied for failure to comply with this Court's Local Rule 15.1. That rule provides that "[a]ny document that requires leave of the Court for filing must be filed on the docket as an exhibit to the motion requesting leave." SDIL-LR 15.1(a)(1). As C&L did not attach a proposed crossclaim as an exhibit to its Motion to Dismiss, its request for leave is denied. However, the Court will allow C&L until May 23, 2025, to file a Motion for Leave that complies with Local Rule 15.1.

## CONCLUSION

For the foregoing reasons, C&L's Motion to Dismiss for Failure to State a Claim is **DENIED.** (Doc. 75).

**IT IS SO ORDERED.**

**DATED: May 9, 2025.**

Digitally signed by Judge Sison
Date: 2025.05.09 13:58:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**